UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE PRATT, JR., | No. 2:22-cv-2117 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO PROTECTION SERVICES, et al., | |
| Defendants. | |

Plaintiff is a jail inmate, proceeding pro se and in forma pauperis, with a civil rights suit under 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court. As discussed below, plaintiff's amended complaint should be dismissed without prejudice.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

6  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

7  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

8  1227.

9  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15  sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

16  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

18  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

19  quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

20  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

21  pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236

22  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

23  Plaintiff's Amended Complaint

24  Plaintiff now alleges that all he knows is that he was involved in an incident and out of

25  nowhere he heard gunshots and started to vacate the area because he was in fear. (ECF No. 11 at

26  3.) At that time, he was hit by something but never heard any lawful command by any type of

27  peace officer which plaintiff contends is required of all peace officers. Plaintiff seeks money

28  ////

damages. Plaintiff names Xavier Gray, employed by Sacramento Protection Patrol Services, as the sole defendant. (ECF No. 11 at 2.)

Discussion

Plaintiff's amended pleading again fails to allege facts showing that defendant Gray acted under color of state law.

As noted above, to state a claim under Section 1983, plaintiff must allege a deprivation of a constitutional right under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains).

A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action") (citation omitted), cert. denied, 132 S. Ct. 1000 (2012); Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law"), cert. denied, 503 U.S. 938 (1992). While such private parties may cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they

3

acted under color of law, and (2) their conduct was properly attributable to the government. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978); Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133, 134-36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); see also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government).

Here, plaintiff's allegations do not demonstrate that defendant Gray acted under color of state law.  Plaintiff appears to claim that Gray patrols "Watt B-Bid area including Watt Avenue to Roseville Road and Watt to Orange Grove Avenue." (ECF No. 11 at 2.)  Despite being granted an opportunity to amend, plaintiff does not set forth facts as to what defendant Gray did that violated plaintiff's constitutional rights.  Plaintiff was involved in an "incident," but fails to elaborate on the nature of such incident.  Plaintiff claims he did not hear any lawful commands by a peace officer and was "hit by something." (ECF No. 11 at 3.)  But such allegations fail to explain what defendant Gray did, or that defendant Gray was even responsible for plaintiff being "hit by something."  Absent facts demonstrating that defendant Gray acted under color of state law, plaintiff cannot state a cognizable civil rights claim against Gray.  See Stanley v. Goodwin, 475 F. Supp. 2d 1026 (D. Hawaii Aug. 8, 2006) (security guard was not a state actor for purposes of § 1983).  Thus, plaintiff's claims should be dismissed without prejudice.[1]

Finally, plaintiff affirmatively stated that this is "all" he knows.[2] (ECF No. 11 at 3.) Because it appears that plaintiff cannot cure the deficiency by alleging additional facts, the court declines to recommend that he be granted leave to file a second amended complaint. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend need not be granted where amendment would be futile).

---

[1] While it is not clear from plaintiff's pleading, he may have claims he could raise in state court.

[2] By signing an amended complaint, plaintiff certified he made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 30, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE